UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN RAYMOND AST,<br><br>    Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | Case No.  2:21-cv-01195-KJM-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 13 |

Petitioner Morgan Ast is a state prisoner seeking habeas corpus relief under 28 U.S.C. § 2254.  ECF No. 1.  Respondent has filed a motion to dismiss arguing that one of petitioner's three claims is unexhausted and must be dismissed before this action may proceed.  ECF No. 13.  Petitioner has filed two responses to the motion, ECF Nos. 15 & 17, but does not oppose dismissal of the unexhausted claim.  ECF No. 15 at 2.  Thus, I recommend that respondent's motion be granted and that the petition proceed only on the two exhausted claims.

No habeas rule specifically applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes.").  Following an approach taken by other courts in this district, I conclude that Rule 4 of the Rules Governing Section 2254 Cases is the proper analytical framework for a motion to dismiss a section 2241 petition.  *See*, *e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB, 2017 U.S. Dist. LEXIS 85123 at *4 (E.D. Cal. 2017).  Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

The petition at bar raises three claims: (1) that the trial court erred in giving the jury ambiguous as to what constituted great bodily injury; (2) that the trial court erred in declining to stay his convictions for making criminal threats and violating a domestic violence restraining order; and (3) that his trial counsel rendered ineffective assistance by failing to object to or request a clarifying order for the trial court's ambiguous instructions. ECF No. 1 at 1-6. Respondent argues that the third claim for ineffective assistance of counsel was never presented to the California Supreme Court and thus was never exhausted. ECF No. 13 at 3. As noted above, petitioner has agreed to withdraw that claim so that his others may proceed. ECF No. 15 at 2.

For the foregoing reasons, I RECOMMEND that respondent's motion to dismiss, ECF No. 13, be granted and that petitioner's ineffective assistance of counsel claim be DISMISSED as unexhausted. This action should proceed only on petitioner's claims for instructional error and failure to stay his convictions, as described above.

These findings and recommendations are submitted to the U.S. District Judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: November 30, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2