UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN RAYMOND AST,<br><br>        Petitioner,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>        Respondent. | Case No.  2:21-cv-01195-KJM-JDP (HC)<br><br>ORDER:<br><br>(1) DENYING PETITIONER'S MOTIONS TO APPOINT COUNSEL<br><br>(2) DEEMING THE MOTION TO STAY WITHDRAWN<br><br>(3) GRANTING THE MOTION TO AMEND<br><br>(4) SUBMITTING THE FINDINGS AND RECOMMENDATIONS AT ECF NO. 19 TO THE DISTRICT JUDGE<br><br>ECF Nos. 19, 24, 25, 27, & 28 |

    The petition at bar makes three claims: (1) that the trial court erred in giving the jury an ambiguous instruction as to what constituted great bodily injury; (2) that the trial court erred in declining to stay petitioner's convictions for making criminal threats and violating a domestic violence restraining order; and (3) that his trial counsel rendered ineffective assistance by failing to object to or request a clarifying order for the trial court's ambiguous instructions.  ECF No. 1 at 1-6.  Only the first two claims were exhausted.  On December 1, 2021, with petitioner's agreement, I recommended that the ineffective assistance claim be dismissed.  ECF No. 19, *see* ECF No. 15 at 2 ("Petition[e]r Morgan Raymond Ast agrees to delete the unexhausted claim"

1

1 (capitalization altered).).  After my recommendations were submitted to the district judge,
2 petitioner apparently changed his mind and asked that he be allowed to return to state court and
3 exhaust his third claim.  ECF No. 20.  I held my recommendations in abeyance and gave
4 petitioner twenty-one days to file a motion to stay.  ECF No. 23.  Several motions from petitioner
5 followed: two motions for appointment of counsel, ECF Nos. 24 & 28, a motion to stay, ECF No.
6 25, and a motion to amend, ECF No. 27.

7     I will deny petitioner's motions for appointment of counsel.  A petitioner in a habeas
8 proceeding does not have an absolute right to appointment of counsel.  *See Nevius v. Sumner*, 105
9 F.3d 453, 460 (9th Cir. 1996).  However, I am authorized to appoint counsel at any stage of the
10 case "if the interests of justice so require."  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.
11 1986); 18 U.S.C. § 3006A(a)(2)(B).  In assessing whether to appoint counsel, I evaluate the
12 petitioner's likelihood of success on the merits and his ability to articulate his claims, considering
13 the complexity of the legal issues involved.  *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.
14 1983).  I cannot conclude at this point that the interests of justice warrant the appointment of
15 counsel.  The legal issues involved in this action are not exceptionally complicated, and petitioner
16 has not demonstrated a likelihood of success on the merits.  Accordingly, petitioner's motions to
17 appoint counsel, ECF Nos. 24 & 28, are denied without prejudice.

18     Petitioner's motion to amend seeks to withdraw his motion to stay, ECF No. 25.  ECF No.
19 27 at 1 ("Petitioner Morgan Ast asks the court to disregard him asking for a stay in the last motion
20 and please amend the petition to remove the unexhausted claim.").  Accordingly, the motion to
21 stay is deemed withdrawn and shall be terminated.  The motion to amend asks that he be allowed
22 to proceed with the two exhausted claims and that the unexhausted claim be removed.  *Id*.
23 Reinstating my earlier recommendations will effectuate this.  Accordingly, I will grant
24 petitioner's motion to amend and submit the recommendations to the district judge.

25     It is hereby ORDERED that:

26     1.    Petitioner's motions to appoint counsel, ECF Nos. 24 & 28, are DENIED without
27 prejudice.

28

2

  2. Petitioner's motion to stay, ECF No. 25, is deemed WITHDRAWN and the Clerk of Court is directed to terminate it.

  3. Petitioner's motion to amend, ECF No. 27, is GRANTED.

  4. I submit my earlier findings and recommendations, ECF No. 19, to the district judge.

IT IS SO ORDERED.

Dated: August 2, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE